## *In re* JOHN RICH.
### No. 437.   (62 Pac. 715.)

1. POLICE COURT— *Trial by Jury — Appeal.*    That part of section
   13, chapter 85, General Statutes of 1897 (Gen. Stat. 1899, § 1936),
   which says, "A trial by a jury shall be had as in any criminal
   case," does not give the right to a trial by jury in the first in-
   stance before the police judge, if such a trial can be secured by
   an appeal.

2. ———— *Contempt Proceedings—Appeal.*    There is no law au-
   thorizing an appeal from a police judge to the district court in a
   proceeding for contempt.

3. ———— *Indirect Contempt—Jurisdiction.*    A police judge of
   a city of the third class having no authority to impanel a jury to
   try cases pending before him, and there being no appeal from his
   decision to the district court in a proceeding for an indirect con-
   tempt, he has no jurisdiction to punish therefor.

Original proceeding in *habeas corpus.*    Opinion filed
October 27, 1900.    Petitioner discharged.

*David Ritchie*, for petitioner.

*E. A. McFarland*, for respondent.

*In re* Rich.

The opinion of the court was delivered by

WELLS, J.: This is an action brought to test the right of a police judge to punish a contempt of process issued by him. The petitioner was subpœnaed by the police judge of Lincoln Center to appear and testify before him in a matter pending in which one Ed. M. Harris was charged with the violation of a city ordinance. He refused to obey, and an attachment was issued under which he was arrested. An accusation against him for contempt was filed, as provided by chapter 106, Laws of 1897 (Gen. Stat. 1897, ch. 85, §§ 10–15; Gen. Stat. 1899, §§ 1933–1938). He demanded a jury thereon, which was refused. A trial was had to the police judge, which resulted in a conviction, a fine of five dollars was assessed, and it was ordered that said petitioner be committed to the city prison until said fine and costs were paid. Is such imprisonment legal?

Section 107, chapter 38, General Statutes of 1897 (Gen. Stat. 1899, § 1112), makes it the duty of the police judge to summon necessary witnesses and compel their attendance by attachment if necessary.

Section 97, chapter 38, General Statutes of 1897 (Gen. Stat. 1899, § 1119), provides : "The police judge shall have power to enforce due obedience to all orders, rules and judgments made by him, and may fine or imprison for contempt offered to such judge whilst holding his court or to process issued by him, in the same manner and to the same extent as the district court."

Section 249, chapter 102, General Statutes of 1897 (Gen. Stat. 1899, § 5504), provides that when ·a defendant is adjudged to pay any fine and costs the

court shall order him to be committed until the same are paid.

Sections 10 and 11, chapter 85, General Statutes of 1897 (Gen. Stat. 1899, §§ 1933, 1934), divide contempts into two classes; and section 13 of the same chapter provides the procedure in the trial for indirect contempt, and that upon the application of the accused a trial by a jury shall be had as in any criminal case.

It is contended by the petitioner that chapter 106, Laws of 1897, by implication repealed section 97 of chapter 38, General Statutes of 1897 (Gen. Stat. 1899, § 1119). We do not think this is wholly true. Under the rule that "All statutes *in pari materia* are to be read and construed together, as if they formed parts of the same statute and were enacted at the same time" (*Wren and Clawson v. Comm'rs of Nemaha Co.*, 24 Kan. 305), the latter law affects the former only by changing the mode of procedure, if the mode of procedure prescribed can be carried out, and this is in harmony with the decision in *In re Barnhouse*, 60 Kan. 849, 58 Pac. 480.

Said section 13, chapter 85, General Statutes of 1897 (Gen. Stat. 1899, § 1936) says : "A trial by a jury shall be had as in any criminal case." A trial by a jury in any criminal case in the police court is had only upon an appeal. (*City of Emporia v. Volmer*, 12 Kan. 622 ; *In re Rolfs, Petitioner*, 30 id. 758, 1 Pac. 523.)

The object of the new contempt law was to insure to the accused in all cases of indirect contempt the ultimate right to a jury trial and a direct appeal in all cases of contempt. If these objects can be fully accomplished by an appeal, then no right is lost by the accused. What is the law in relation to the right to appeal in cases of this kind ? The constitution of the state provides for appeals from probate courts and jus-

tices of the peace to the district court, but makes no provision for appeals from the police judges; therefore we must look to the acts of the legislature alone for authority on that subject. Section 110, chapter 38, General Statutes of 1897 (Gen. Stat. 1899, § 1117) provides : " "In all cases before the police judge, arising under the ordinances of the city, an appeal may be taken by the defendant to the district court." This evidently does not apply to this case, as this case did not arise under the ordinances of the city. The only other section of law which we have found that could possibly apply is section 14 of chapter 85, General Statutes of 1897 (Gen. Stat. 1899, § 1937), which provides, in substance, that any judgment of conviction for contempt may be reviewed upon direct appeal to, or writ of error from, the supreme court, and affirmed, reversed or modified as justice may require. This surely does not furnish the required trial by jury ; and we conclude that the police judge has no authority to try an accusation for an indirect contempt.

The petitioner is discharged.